### FOX v FRANK et

Ohio Appeals, 9th Dist, Summit Co

No 2677.   Decided Oct 23, 1935

Carl D. Sheppard, Akron, and Jonathan Taylor, Akron, for plaintiff.

John W. Bricker, Attorney General, Columbus, and E. G. Schuessler, Asst. Atty. Gen., Columbus, for Tax Commission and Winters Sampson, as sales tax supervisor, etc.

## OPINION

By WASHBURN, J.

We assume that if this cause involved the payment of a tax by plaintiff, and plaintiff

had no remedy at law for restitution which he could enforce if the tax he paid were afterwards held to be invalid, a court of equity would have jurisdiction to enjoin the threatened collection of the tax or threatened criminal prosecution for failure to pay the same.

We assume also that if this were an action to prevent the collection of a tax from the plaintiff as a taxpayer, and were properly brought upon behalf of other taxpayers similarly situated, the resulting multiplicity of actions would be sufficient to uphold the jurisdiction of a court of equity to grant a remedy by injunction against the enforcement of the law by criminal proceedings, without taking into consideration the provisions of §12075, GC.

But neither of said assumptions is warranted by the agreed facts in this case; by such facts neither the plaintiff nor any of those he assumes to represent challenge the right of the state to compel them to pay a tax upon purchases made by them. Only the state's right to compel them to collect the tax from the purchasers of goods sold by them and secure the payment of the same to the state is challenged.

No part of the agreed facts shows that the plaintiff and those in whose behalf he sues are taxpayers in the sense in which that term is used in the laws and decisions of this state, unless it be the statement in the agreed facts that the authorities threaten to proceed under §5546-9a, GC, to make an assessment against plaintiff for the amount of tax he has failed to collect, and if he does not exercise his rights under said section as to the correction of the amount of such assessment, including an appeal to the Common Pleas Court under §5611-2, GC, then the authorities threaten to proceed to collect such assessment by a sale of his property as upon execution.

The procedure referred to in such statement merely provides a remedy in addition to criminal prosecutions, by which the plaintiff may be compelled to collect the tax from those to whom he makes sales, and pay the same to the state. He is prohibited by the act from paying the tax himself instead of collecting it from purchasers, and said procedure provides for the assessment of a penalty against him for his failure to comply with the law, and is no more a tax than is a fine assessed against him under the criminal provisions of the act, and it does not constitute him a taxpayer who is entitled, under §12075, GC, to enjoin the collection of an illegal tax.

In the absence of statutory authority, it is a general rule that one may not enjoin the enforcement of a statute or a part of a legislative act on the ground that it is unconstitutional, in the absence of a showing that his property rights will be injuriously affected by such enforcement. Under the agreed facts, the property rights of the plaintiff can be injuriously affected only by that part of said act which requires him to collect the tax from purchasers and pay the same to the state, and by the provisions incident thereto, and therefore the agreed facts are such as to limit the plaintiff's complaint of unconstitutionality to the part of the sales tax act, the enforcement of which may injuriously affect his property rights as a vendor of the produce of his farm; and the complaints of those on whose behalf he sues are likewise so limited.

If that part of said act which affects plaintiff as a vendor violates either the constitution of the United States or the constitution of the state of Ohio, we are of the opinion that a court of equity can afford him relief by injunction.

Furthermore, the trend of modern decisions, especially those of the Supreme Court of the United States, is such as to warrant the conclusion that jurisdiction in equity may be based upon the fact that it is a class suit; but in view of the conclusions we have reached, we do not find it necessary to make such an exhaustive and critical examination of the authorities as would enable us to definitely so decide.

In any view, if a property right of plaintiff as a vendor is infringed, the circumstances are such as render his remedy at law inadequate, and he is entitled to the judgment of the court as to whether it will exercise its equity powers in his behalf.

What property right of the plaintiff, as a vendor, is affected by the act?

Plainly, in connection with the subject we are considering, his right to sell the produce of his farm is a property right, because without that right the value of his property would be lessened, if not destroyed.

The right to sell his produce is not denied him, but if he exercises that right other than upon his farm, he is required by the act to take out a license and collect from purchasers the tax prescribed, and pay the same to the state.

To comply with such requirements, he must apply for a license and pay a fee of $1, and purchase tax receipts in an amount sufficient to supply the normal requirements of his business; and when a sale is made, he must collect from the purchaser the tax which the consumer is required to

pay, and cancel tax receipts of the face value of the tax, and keep such a record of his sales as the Tax Commission requires, and account to the state for the tax he collects. On his purchase of tax receipts he is allowed a 3% discount, and he is reimbursed for any unused or spoiled tax receipts.

Do these requirements of the vendor violate any provisions of the state or national constitutions?

Before considering this question, it may be well to point out that the power of the state to tax the consumer is not involved in this action, nor is there involved the validity of the parts of the act which affect the rights of the consumer only, and therefore plaintiff, as a vendor, cannot be heard to claim that §2 of Art. XII of the Constitution of Ohio, which limits the power to tax property in excess of 1% of its true value in money, has been violated, even if the tax against the consumer is a property tax, and not, as it is declared by the act to be, an excise tax; but if that question were involved, we are of the opinion that the instant tax is a tax on the right to acquire property by purchase for use or consumption, and is therefore an excise tax, which is authorized by §10 of Art. XII of the Constitution of Ohio.

It is for the legislature to determine the subjects of excise, and the judicial branch of the government will not interfere with such determination except possibly in cases where there is a manifest abuse of the exercise of such power by the legislature; and we are of the opinion that there is no such abuse in the act in question, although the legislature erroneously described the tax levied as a tax on retail sales.

What constitutional rights of the vendor are violated in the act in question?

The constitution of the United States forbids the enforcing of a law which abridges the privileges or immunities of citizens or deprives any person of his property rights without due process of law, and by the constitution of Ohio a citizen has an inalienable right to acquire and sell property and hold the same inviolate, subject only to the public welfare, and an inalienable right to seek and obtain happiness and safety; and it is claimed that the act in question violates these and other constitutional provisions.

But those guarantees are general, and are not absolute and unlimited, in the sense that the legislature may pass no law which interferes with or affects them. Moreover, they are a part of the same constitution which confers upon the legislature, as an attribute of sovereignty, the power to tax, and we must recognize that fact and construe said general guarantees in connection with said general power to tax and with the more specific provisions of the constitution relating to taxation.

It is universally recognized by the courts that the enjoyment of the general constitutional rights hereinbefore referred to is subject to such reasonable regulations as the legislature deems and the courts determine are essential to the safety, health, peace, good order and welfare of the state, and that the enjoyment of such rights is subject to such conditions and curtailment as the legislature may make and the courts shall determine to be reasonable in the exercise of the taxing power of the state.

Where the enjoyment of rights so guaranteed is interfered with by the legislature in the exercise of its taxing power, the courts recognize that the legislature has a wide discretion and will not declare an act of the legislature to be unconstitutional on the ground that such interference is unreasonable and excessive, unless it is clearly unduly oppressive; and as the power to tax, which, as an attribute of sovereignty, is conferred by the people upon the legislature, is one of the highest prerogatives of government, all doubts as to the constitutionality of a taxation act of the legislature are resolved by the courts in favor of the constitutionality of the act.

The acts complained of by plaintiff in the agreed facts are substantially the same as those that were complained of by another vendor whose complaints were passed upon by the Supreme Court of the United States; the difference in the complaints being that in the instant case plaintiff is required to purchase tax receipt stamps, which was not required of the vendor in said other case. The Supreme Court of the United States held that—

"1. A vendor of gasoline is not deprived of his property without due process of law by being required to collect a tax from purchasers of a certain amount per gallon, and to account therefor to the state."

Pierce Oil Corp. v Hopkins, 68 L. Ed. 593.

Practically the same contention could have been made in the case of **Marion Foundry Co. v Landes, Auditor, 112 Oh St 166**, in which employers were held responsible for the collection of an excise tax which their employees were required to report to the taxing authorities and were also required to deliver, to their employees

from whom the tax was collected, receipts for said tax. While it does not appear that the employers urged that such requirements violated their constitutional rights, their attack on the law was solely on constitutional grounds, and the court held the law to be constitutional.

As has been said, in the instant case there is the added requirement that plaintiff purchase tax receipt stamps; but applying to the act involved in this case the settled principles hereinbefore referred to, we hold that the requirements that, as conditions to the exercise by plaintiff of his right to sell the produce of his farm other than on his farm, he obtain a license, collect the tax on sales made by him to consumers, and secure the payment of the same to the state by the purchase of tax receipts, are not unreasonable regulations of his enjoyment of the aforementioned rights guaranteed to him by said constitutions; and speaking generally as to other claims of plaintiff, we do not find that any of his rights growing out of the agreed facts or incidental thereto are so regulated or injuriously affected by any of the provisions of said act as to violate any of the provisions of said constitutions.

As has been said, it is established by the courts of this state that every possible presumption is in favor of the validity of an act of the legislature. This attitude of the judiciary towards a co-ordinate branch of the state government is recognized as a sound public policy, and its observance by the courts of the state inferior to the Supreme Court is especially appropriate in view of the fact that the people have amended the constitution so as to require the concurrence of all but one of the judges of the Supreme Court to declare unconstitutional an act of the legislature. The fact that the people have thus limited the power of the highest court in our judicial system, justifies courts inferior thereto in refusing to declare an act of the legislature unconstitutional except when there is no doubt that the act violates a plain and specific provision of the constitution.

Finding on the issues in favor of the defendants, the petition of the plaintiff is dismissed, at his costs.

FUNK, PJ, and STEVENS, J, concur in judgment.