[Civ. No. 12157. Second Appellate District, Division Two.—April 20, 1939.]

McADAMS OIL COMPANY (a Corporation), Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Ernest K. Hartman for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Clyde P. Harrell and George William Adams, Deputies City Attorney, for Respondents.

McCOMB, J.—From a judgment predicated upon the sustaining of a demurrer to plaintiff's first amended complaint without leave to amend in an action to enjoin the enforcement of an ordinance (No. 56,600, sec. 81) of defendant city, exacting a license tax of one-half cent per barrel on oil produced within the limits of the city of Los Angeles, plaintiff appeals.

The essential allegations of the amended complaint are that:

(a) Defendant city adopted Ordinance No. 56,600, in which section 81 reads as follows:

"Every person, firm or corporation conducting, managing or carrying on the business of operating, and/or pumping any oil well or wells, shall pay a license tax upon the gross production of each such well so operated and/or pumped within the limits of the City of Los Angeles, computed as follows:

"Said license tax shall be Two Dollars ($2.00) per quarter for any well producing four hundred (400) or less barrels of oil per quarter, and one-half cent (½c) per barrel of oil produced at each well producing over four hundred (400) barrels of oil per quarter, said license tax must be paid quarterly."

(b) Plaintiff, as lessee, is producing low gravity oil from wells located within the boundaries of the City of Los Angeles.

(c) The gravity of oil produced within the confines of the City of Los Angeles varies from 14 degrees to 38 degrees Baume, and the market price of the lower gravity oil is 55c per barrel, while that of the higher gravity oil is $1.14 per barrel.

(d) If the provisions of the ordinance above mentioned are enforced plaintiff will lose its leasehold estate and suffer irreparable damage.

(e) The prayer is that defendant be enjoined from enforcing the ordinance.

Plaintiff relies for reversal of the judgment on these propositions:

*First: An injunction will issue to restrain the enforcement of a void license ordinance of a municipality which otherwise would seriously interfere with property rights.*

*Second: Section 81 of Ordinance No. 56,600 of defendant city (set forth supra) is void and unconstitutional for the following reasons:*

*(1) Defendant city was not authorized by its charter to adopt the provisions of the ordinance in question.*

*(2) Pumping of oil wells by the owners thereof is not engaging in a business which may lawfully be subjected to payment of an occupational or license tax.*

*(3) The questioned levy is by virtue of defendant city's exercise of police power, and the amount collected is far in excess of the amount required by said defendant for inspection, oversight, and police supervision.*

*(4) Section 81 of the ordinance is discriminatory and is contrary to the United States Constitution, Fourteenth Amendment (equal protection clause); the Constitution of the State of California, article I, section 11 (requiring that all laws of a general nature shall have a uniform operation), article I, section 21 (prohibiting the granting to any citizen or class of citizens privileges or immunities which are not on the same terms granted to all citizens), article IV, section 25,*

*subdivision 19 (forbidding the granting to any corporation, association, or individual of any special or exclusive right, privilege, or immunity), and article XIII, section 1 (requiring that property shall be taxed in proportion to its value); also the charter of defendant city, article I, section 3, subdivision 5 (prohibiting discrimination in the amount of a license tax between persons engaged in the same business otherwise than by proportioning the tax to the amount of business done).*

*(5) The tax in question is a property tax and is prohibited by the Constitution of the State of California, article XIII, section 1 (requiring all property to be taxed in proportion to its value) and the charter of defendant city, article I, section 3, subdivision 1a (limiting the annual tax rate to $1.25 on each $100 of the assessed value of taxable property in the city).*

*(6) The levying of the license tax here in question constitutes double taxation.*

 The first proposition is tenable. The law is settled in California that an injunction will be granted to restrain the enforcement of an unconstitutional license ordinance containing penal provisions, where irreparable damage to property rights will result if the ordinance is enforced. (*Bueneman* v. *City of Santa Barbara,* 8 Cal. (2d) 405, 407 [65 Pac. (2d) 884].) The case just cited extends injunctive relief to a class of cases in which it had formerly been denied. See, for example, *Sullivan* v. *San Francisco Gas etc. Co.,* (1905) 148 Cal. 368 [83 Pac. 156, 17 Ann. Cas. 574, 3 L. R. A. (N. S.) 401].

The second proposition is untenable and is governed by these established principles of law:

 (1) Defendant City of Los Angeles has power under its charter to adopt an ordinance exacting a license tax from a person or corporation engaged in a lawful business within the confines of said city. (Section 2, subsec. 11e of the Charter of the City of Los Angeles; *Los Angeles Brewing Co.* v. *Los Angeles,* 8 Cal. App. (2d) 379, 385 [48 Pac. (2d) 65].)

(2) Pumping of oil wells by the owners thereof (fee or lessee) is a business which may lawfully be subjected to the payment of an occupational or license tax. (*Oklahoma* v. *Texas,* 266 U. S. 298 [45 Sup. Ct. 101, 69 L. Ed. 296]; *Barwise* v. *Sheppard,* 299 U. S. 33, 36 [57 Sup. Ct. 70, 81 L. Ed.

23] ; *Flynn, Welch & Yates* v. *State Tax Com.,* 38 N. M. 131 [28 Pac. (2d) 889, 892].)

■ (3) The tax here questioned is not an exercise of the police power but of the power of taxation, and the rule that penalties or fees exacted for permits issued under police regulation must bear some reasonable proportion to the expenses of regulating the business is inapplicable. (*Los Angeles Brewing Co.* v. *Los Angeles,* 8 Cal. App. (2d) 391, 396 [48 Pac. (2d) 71] ; *Los Angeles* v. *Los Angeles Independent Gas Co.,* 152 Cal. 765, 769 [93 Pac. 1006].)

■ (4) The City of Los Angeles in levying a license tax for revenue purposes may do so by making the tax proportionate to the amount of business done, and in measuring the "amount of business" may use the quantity of a commodity produced in such business as the measure for determining such tax. Such an ordinance is not discriminatory nor contrary to the United States Constitution, Fourteenth Amendment, the Constitution of the State of California, article I, sections 11 and 21, article IV, section 25, subdivision 19, article XIII, section 1, or article I, section 3, subdivision 5, of the charter of defendant municipality. (*Oliver Iron Min. Co.* v. *Lord,* 262 U. S. 172, 179 [43 Sup. Ct. 526, 67 L. Ed. 929] ; *Ex parte Mirande,* 73 Cal. 365, 375 [14 Pac. 888] ; *Los Angeles Brewing Co.* v. *Los Angeles,* 8 Cal. App. (2d) 379, 387 et seq. [48 Pac. (2d) 65].)

In the case last cited the court had under consideration the validity of a section of the ordinance here in question which imposes a license tax upon the manufacture, sale, and distribution of beer. The tax, as in the instant case, was based upon the volume of business done. The court there held that the tax was valid and not obnoxious to the various constitutional and charter provisions which are urged in the instant case as a reason for holding invalid the section of the ordinance now under consideration. We have read the case referred to and believe the reasoning therein to be sound and that such decision is controlling in the matter before us.

■ There is no merit in plaintiff's contention that it may be distinguished from this case, because in the Los Angeles Brewing Company case the basis of taxation was beer, which plaintiff asserts to be of a uniform quality; while in the present case the basis of taxation is oil which varies in gravity. It is a matter of common knowledge that beer varies in

gravity and also in alcoholic content. (3 Ency. Brit., 14th ed., (1929) 314.) It is still fresh in the memory of all that there was a period during prohibition when beer could be legally sold which contained not more than one-half of one per cent of alcohol by volume, while today beer containing in excess of ten per cent of alcohol by volume may be purchased in the open market.

█ (5) A tax on persons engaged in producing oil from the ground based on the quantity of the product thus produced is a privilege or occupational tax and not a property tax. Therefore, such a tax is not within the limitations of the Constitution of the State of California, article XIII, section 1, or the charter of defendant municipality, article I, section 3, subdivision 1a. (*Oliver Iron Min. Co.* v. *Lord, supra,* 67 L. Ed. 929, 935; *Brown-Forman Co.* v. *Kentucky,* 217 U. S. 563, 571 [30 Sup. Ct. 578, 54 L. Ed. 883]; *San Francisco* v. *Pacific Tel. & Tel. Co.,* 166 Cal. 244, 249 [135 Pac. 971]; *Los Angeles* v. *Los Angeles Independent Gas Co.,* 152 Cal. 765, 767 [93 Pac. 1006].)

█ (6) Levying of an occupational tax upon the producer of oil, who also pays an *ad valorem* tax, does not constitute double taxation. (*Ex parte Mirande, supra; City of Sonora* v. *Curtin,* 137 Cal. 583, 585 [70 Pac. 674]; *Producers' Oil Co.* v. *Stephens,* 44 Tex. Civ. App. 327 [99 S. W. 157, 158].)

Applying the foregoing rules to the undisputed facts in the instant case, the ordinance here questioned is valid as levying an occupational license tax upon oil which tax is not discriminatory and applies to all persons or corporations engaged in the same business in proportion to the amount of business transacted by each.

For the foregoing reasons the judgment appealed from is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1939.