[No. 28990. Department Two. September 4, 1943.]

THE TOWN OF PORT ORCHARD, *Appellant*, v. KITSAP COUNTY, *Respondent.*[1]

*Ross Watt, Marion Garland, Sr.,* and *Marion Garland, Jr.,* for appellant.

*Frederick B. Cohen* and *Neal Clark,* for respondent.

ROBINSON, J.—In 1941, the town of Port Orchard, in pursuance of a project to establish a municipal sewerage system, as authorized by chapter 163, Laws of 1933, p. 597 (Rem. Rev. Stat. (Sup.), § 9488 [P. C. § 1214]), undertook to fix rates for service under the power expressly given in that act to operate systems of sewerage, ". . . with full jurisdiction and authority to manage, regulate, operate and control the same, and to fix the price of service thereof." To that end and after due publication, the town council passed ordinance No. 469, which read, in part, as follows:

'Reported in 141 P. (2d) 150.

"Section I. For the purposes of fixing of rates and charges, the Council hereby establishes and defines the following, to-wit:

"(a)  A residence shall be a dwelling house occupied by one family.

"(b)  An apartment house shall be a building occupied, for residence purposes, by two families or more, or having apartments which are rented, or utilized by more than one family.

"(c)  A business house shall be an occupancy which does not come within the description of a residence or an apartment house.

"Section II. All rates and charges shall be uniform for the same class of service and all rates and charges shall be made on a monthly basis and shall be as follows:

"Residences:  $1.00 per month plus 25¢ for each additional fixture connected to said system in excess of five.

"Hotels and rooming houses: $1.00 minimum, plus 50¢ for each fixture connected to the said system.

"Apartment houses: $1.00 for each apartment.

"Business houses: $1.00, plus 50¢ for any fixtures duplicated.

"Schools: $25.00 per month for each of the nine school months.

"Court House: $40.00 per month.

"In the event any occupancy shall make an unreasonable or unusually large use of sewerage facilities, then special rates may be established by the Town Council without amendment hereto.

"So long as any bonds payable out of the revenues of said sewerage system are outstanding, it is hereby declared that all property serviced or capable of being served shall be liable for charges and rates as fixed by this ordinance, or amendments thereto."

For a period of eight months, commencing November 1, 1941, and ending June 30, 1942, the county refused to pay the charge of forty dollars a month for service to the court-house, claiming it to be excessive. This action was brought to collect $320 and resulted in a judgment for but $86, the trial court not only holding that the charge was unreasonable, and discriminatory, but further finding:

"That any sewer charge by the plaintiff against the defendant in excess of the sum of $1.00 for the first five (5)

outlets and twenty-five cents (25¢) for each additional outlet is unreasonable, arbitrary and capricious."

■ We are of the opinion that, at most, the court's jurisdiction extended only to considering whether or not the rate was unreasonable, arbitrary, and capricious, and that it had no power to establish a new rate. That was wholly within the power conferred upon the town council by the statute under which the council purported to act.

■ But, over and above that, we do not think that the respondent county met the burden of establishing its affirmative defense that the rate provided as to the courthouse was unreasonable, unjust, and discriminatory. The commissioners were called to testify that they were never consulted as to the rate before it was established by the ordinance; neither, we suppose, was any other user consulted. The ordinance was certainly published in the manner provided by law.

There is testimony that the council had engineering advice and inquired into the methods used by cities of comparable size in fixing sewage rates, and that they adopted methods of classification generally in use. It is true that this evidence is not as definite and detailed as might be desired, but we think it must control as against any that was produced by the respondent. The fact is that the matter went off largely on asserted judicial knowledge that the use of these facilities at the courthouse was rather casual, that such facilities are no more necessary and valuable to a courthouse or other public building than to a private residence, and that the use is not relatively greater in a public building than in a private home.

That there has been a considerable concentration of sewage at the courthouse before the construction of the municipal system, was testified to by a witness who said that, before the municipal system was put in, the stench from the system then in use at the courthouse was so great as to be unbearable as soon as one got within two blocks of the building. This, in itself, has very little to do with the rate to be charged, but it certainly indicates that the use of such

facilities in the building was a good deal more than a casual matter. In our opinion, the classification which the council made in that portion of the ordinance quoted earlier in this opinion is not shown by the record to be unreasonable, arbitrary, or capricious, accompanied, as it is, with the provision that "all rates and charges shall be uniform for the same class of service . . ."

The judgment appealed from is reversed, and the trial court is directed to enter judgment in accordance with the demand of the complaint.

SIMPSON, C. J., BEALS, BLAKE, and GRADY, JJ., concur.