SHEPARD, J.
 

 This is an appeal by plaintiff (appellant herein) from a judgment of dismissal entered after the demurrer of defendants (respondents herein) to plaintiff’s complaint was sustained.
 

 In general substance plaintiff’s complaint alleges,
 
 inter alia,
 
 that he is a hotel owner in the city of Bakersfield; that defendants have passed and are threatening to enforce an ordinance requiring him and other hotel owners to collect from transients a tax of 4 per cent of the compensation paid by them for lodging rentals; that under said ordinance a transient is defined as any person who for a period of not more than seven consecutive days hires lodging in any hotel; that a hotel is defined by said ordinance as any lodging place offering lodging for five or more persons for compensation; that a hotel owner is required to collect from the transient, keep a record of, report, and pay such tax to the city tax collector; that failure to pay as required subjects the hotel owner to an assessment against himself of the whole tax and also subjects him to special interest charges, a penalty of 10 per cent and to possible criminal charges and a fine of $25 to $500 upon conviction thereof; that no tax was charged to federal, state or Bakersfield city employees on official business, nor for rentals paid to hospitals, medical clinics or homes for aged people; that the ordinance improperly denies equal protection of the law, lacks uniformity of operation, and damages plaintiff by laying upon plaintiff the duty of collecting an unconstitutional tax and through its operation tending to drive transients to hotels outside the limits of the city. He prays for a decree that the ordinance is unconstitutional and for injunctive relief against its enforcement.
 

 Defendants claim that plaintiff has no standing in court, that he cannot maintain the action because he is not the person taxed and therefore suffers no legal injury. They cite in support of such contention such cases as
 
 Fox-Woodsum Lumber Co.
 
 v.
 
 Bank of America etc. Assn.,
 
 7 Cal.2d 14 [59 P.2d 1019];
 
 In re Nowak,
 
 184 Cal. 701 [195 P. 402];
 
 Quong Ham Wah Co.
 
 v.
 
 Industrial Acc. Com.,
 
 184 Cal. 26 [192 P. 1021, 12 A.L.R. 1190];
 
 Twentieth Century Sporting Club, Inc.
 
 v.
 
 United States,
 
 34 F.Supp. 1021;
 
 Bunker Hill Country Club
 
 
 *284
 
 v.
 
 United States,
 
 9 F.Supp. 52;
 
 Engineer’s Club of Philadelphia
 
 v.
 
 United States,
 
 42 F.Supp 182;
 
 Shannopin Country Club
 
 v.
 
 Seiner,
 
 2 F.2d 393;
 
 Fox
 
 v.
 
 Prank,
 
 52 Ohio App. 483 [3 N.E.2d 996] ; and
 
 Ainsworth
 
 v.
 
 Bryant,
 
 34 Cal.2d 465 [211 P.2d 564], These eases do not support defendants’ contention.
 

 The Fox-Woodsum Lumber Company ease was an action to recover from a national bank for alleged losses on securities sold by it without Corporation Commissioner’s permit. The facts showed the losses to have been entirely extraneous to the lack of a permit. The plaintiff therein was not concerned in any way with the alleged discrimination between national and state banks for if the law had been declared unconstitutional (which it was in another ease), such holding would not have aided plaintiff in any way. Thus plaintiff therein quite obviously could not be a proper party to challenge constitutionality.
 

 The Nowak ease involved classifications of business for excise tax purposes. Those phases of the ordinance which might possibly have involved or affected Nowak’s business were fully considered and passed upon. Other matters in no way affecting Nowak were rejected. The Quong Ham Wah Company ease related to discrimination between residents and nonresidents of California in workmen’s compensation. In upholding the right of plaintiff therein to attack the law’s constitutionality, the court discussed the whole matter of such alleged disability in attacking an unconstitutional law and said,
 
 inter alia,
 
 at pages 31-32:
 

 ‘
 
 ‘ The truth of the matter is, however, that a discriminatory law is, equally with the other laws offensive to the constitution, no law at all. (Citations.) Whatever validity it may be said to possess, it has such validity merely by virtue of the presumption of validity attaching to the acts of the legislative branch of the government. This presumption being rebuttable may be attacked by a litigant whenever it is material to his case unless he is prevented from doing so by some special exception. Such exceptions possess no peculiar sanctity and invest the law with no actual validity; they should naturally be confined by the limits of the reasons which occasioned their adoption and should give way to considerations of policy paramount to those reasons.”
 

 The Ainsworth case simply does not discuss the point at all. The cases of Twentieth Century Sporting Club, Inc., Bunker Hill Country Club, Inc., Engineer’s Club of Philadelphia,
 
 *285
 
 Shannopin Country Club, and Fox v. Frank, were all eases in which the taxes had already been collected and paid and plaintiffs (who were not the taxpayers involved) sued to recover the tax. Obviously under such conditions the plaintiffs had no interest in the money itself after it had been paid to the government, and could not maintain the action.
 

 In the case at bar, the plaintiff is vitally interested in the validity of the ordinance. That it might drive customers away from his business where equally acceptable lodgings are available without tax a short distance away requires no real discussion. A court cannot sit in a vacuum or refuse to recognize the generally known facts of competitive business life. The matter of degree or amount of loss of business is of no consequence respecting the particular point here involved, i.e., sufficiency of interest to maintain the action. Furthermore, his business operations are inextricably interwoven into the operation of the ordinance. Under threat of criminal and civil penalties, he is required to inform his prospective customers of the basis upon which the tax is levied and to collect, record, report and pay the tax to the tax collector. We are satisfied he has a sufficient interest to maintain the type of action here involved.
 
 (Bueneman
 
 v.
 
 City of Santa Barbara,
 
 8 Cal.2d 405,408 [2] [65 P.2d 884,109 A.L.R. 895];
 
 McAdams Oil Co.
 
 v.
 
 Los Angeles,
 
 32 Cal.App.2d 359, 362 [1] [89 P.2d 729] ;
 
 Wade
 
 v.
 
 City & County of San Francisco,
 
 82 Cal.App.2d 337, 339 [2] [186 P.2d 181]
 
 ; Buchanan
 
 v.
 
 Warley,
 
 245 U.S. 60, 72 [38 S.Ct. 16, 62 L.Ed. 149].)
 

 Plaintiff contends that the ordinance is invalid because it is arbitrary, discriminatory, and denies to citizens the equal protection of the law. We think that contention is valid. We are not here concerned with a reasonable classification of businesses or groups as has been so frequently held proper.
 
 (Fox Bakersfield Theatre Corp.
 
 v.
 
 City of Bakersfield,
 
 36 Cal.2d 136 [222 P.2d 879].) We do have the attempted levy of an excise tax.
 
 (General Elec. Co.
 
 v.
 
 State Board of Equalization,
 
 111 Cal.App.2d 180, 188 [244 P.2d 427] ;
 
 Western Lithograph Co.
 
 v.
 
 State Board of Equalization,
 
 11 Cal.2d 156, 164 [8] [78 P.2d 731, 117 A.L.R. 838] ;
 
 City of Glendale
 
 v.
 
 Trondsen,
 
 48 Cal.2d 93, 103 [13] [308 P.2d 1].) No attempt has been made to segregate the persons paying the tax into any reasonably justifiable subclassification. If no reasonably justifiable subclassification is or can be made, then the operation of the tax must be such as to place liability therefor equally on all members of the class.
 
 *286
 

 (Fox Bakersfield Theatre Corp.
 
 v.
 
 City of Bakersfield, supra,
 
 p. 142 [3];
 
 City of Los Angeles
 
 v.
 
 Lankershim,
 
 160 Cal. 800 [118 P. 215];
 
 Barker Bros., Ine.
 
 v.
 
 Los Angeles,
 
 10 Cal.2d 603, 607 [76 P.2d 97].)
 

 In the case at bar all persons obtaining lodging in establishments containing less than five accommodations are completely exempt. While classifications based on size of a business may under some special conditions be reasonable and valid, such a classification when viewed from the standpoint of the consumer (here the lodger) does not appear to have any reasonable basis whatever and none has been pointed out to us. He is not, for our purposes, in a business. This is not an occupational tax.
 
 (Ainsworth
 
 v.
 
 Bryant, supra,
 
 p. 474.) The tax is on a privilege of occupancy of a single lodging. While a lodger may have many desires, his three basic needs are normally cleanliness, comfort and quiet. Whether he will want to stay in a large hostelry or a small one, whether he may desire additional entertainment or service, will depend on personal preference and habits, but we can find no reasonable distinction for tax purposes from the viewpoint of a lodger between one seeking and using a large hostelry capable of accommodating many people and a small one accommodating a lesser number. The ordinance clearly violates the constitutional requirements of uniformity of intended application.
 

 Many other questions are posed by the briefs. However, in view of the conclusion we have reached, we can see no profitable purpose in discussing them.
 

 The judgment is reversed.
 

 Griffin, P. J., and Coughlin, J., concurred.