[Civ. No. 40193. Second Dist., Div. One. Mar. 8, 1973.]

GEORGE W. LADD, Plaintiff and Appellant, v.
STATE BOARD OF EQUALIZATION, Defendant and Respondent.

## COUNSEL

Clyde R. Maxwell for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Mark W. Jordan, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—This is an appeal from a judgment denying recovery in a suit for refund of sales and use taxes paid by appellant pursuant to Revenue and Taxation Code section 6933. We affirm the judgment.

The matter at bench reaches us on stipulated facts. Appellant is engaged in the construction and rental of powered houseboats, tangible personal property within the meaning of the Sales and Use Tax Law. Prior to August 1, 1965, appellant constructed houseboats from raw materials purchased by him. As required by the then applicable provisions of the Sales and Use Tax Law, appellant either paid sales tax reimbursement to the suppliers of raw materials to him or, pursuant to an option in the law, paid a use tax measured by the sales price of raw materials used by him in the construction of the boats. All houseboats here involved were completed and rented to appellant's customers prior to August 1, 1965. A lease of tangible personal property was not then a taxable "sale" so that lease or rental income was not includable in the measure of sales tax, and possession of rented property was not a taxable use.

Effective August 1, 1965, Revenue and Taxation Code section 6006 was amended. As amended, the section reads: "[Taxable] '[s]ale' means and includes: . . . (g) Any lease of tangible personal property in any manner or by any means whatsoever, for a consideration, except a lease of: . . . (5) Tangible personal property leased in substantially the same form as acquired by the lessor . . . as to which the lessor . . . has paid sales tax reimbursement pursuant to Section 6052 or has paid use tax measured by the purchase price of the property. . . ."[1] Beginning August 1, 1965, appellant followed the mandate of the amended statute and paid a "use" tax measured by his receipts from the rental of houseboats. He did not, as required by the Revenue and Taxation Code, collect use tax from his customers. From August 1, 1965, onward, appellant purchased materials for the construction, repair, and maintenance of houseboats for resale, paying no sales tax rembursement or use tax as a result of those purchases.

On November 8, 1966, appellant filed a claim for refund for use tax paid by him subsequent to August 1, 1965, measured by receipts from the rental of houseboats constructed of materials on which appellant had previously paid sales or use tax. The claim is based upon the theory that the taxes so measured and paid constituted a forbidden "double taxation." On August 23, 1967, appellant filed a second claim for refund of the same and subsequently paid taxes, on the theory that their imposition was discriminatory and unconstitutional and a denial of his right to retain and use personal property.

The claims for refund were denied. Appellant filed the complaint which commenced the case at bench on January 4, 1968. The complaint alleges "double taxation," and that the tax as imposed upon appellant is discriminatory in that his competitors, who lease property in the same form as appellant, are exempt from tax on rental receipts. Neither the stipulation of fact nor evidence adduced at trial in any way deals with the manner of taxation of appellant's competitors. The trial court found against appellant. On this appeal, appellant has abandoned his theories at trial. He does not argue a concept of "double taxation." Neither does he claim that the tax paid by him placed him at a competitive disadvantage. ■ For the first time in the course of the litigation, appellant contends that Revenue and Taxation Code section 6006, subdivision (g)(5), as amended, unconstitutionally discriminates upon lessees and renters of personal property who lease or rent personal property in a different form than that in which it was acquired by the lessor. He argues that those persons are required to

[1]A companion statute is Revenue and Taxation Code section 6010, subdivision (e)(5).

pay use tax whereas no taxable sale or use occurs if personal property is rented or leased from a lessor who acquired the property in substantially the same form and paid sales tax reimbursement or use tax measured by the purchase price to the lessor. Thus appellant asserts that his customers have been denied equal protection of the law.[2]

We find no denial of equal protection of the law in Revenue and Taxation Code section 6006, subdivision (g)(5), considered in the context of the entire Sales and Use Tax Law. ▉ "[A] distinction in tax statutes between parties does not violate the equal protection clause if such distinction rests upon a rational basis. [The United States Supreme] court has said, 'Neither due process nor equal protection imposes upon a state any rigid rule of the equality of taxation. . . . A legislature is not bound to tax every member of a class or none. It may make distinctions of degree having a rational basis, and when subjected to judicial scrutiny they must be presumed to rest on that basis if there is any conceivable state of facts which would support it.' " (*Franklin Life Ins. Co.* v. *State Board of Equalization,* 63 Cal.2d 222, 233 [45 Cal.Rptr. 869, 404 P.2d 477], quoting *Carmichael* v. *Southern Coal Co.,* 301 U.S. 495, 509 [81 L.Ed. 1245, 1253, 57 S.Ct. 868, 109 A.L.R 1327]; see also *Clark* v. *City of San Pablo,* 270 Cal.App. 2d 121, 126 [75 Cal.Rptr. 726].)

▉ Here there is a rational basis for the distinction drawn by Revenue and Taxation Code section 6006, subdivision (g)(5), between the manner of assessing sales and use tax upon transactions involving the lease of property in the form in which it was acquired by the lessor, and those involving the lease of property which is rented after its form has been changed.

The general statutory scheme of the Sales and Use Tax Law imposes a tax upon the privilege of selling tangible personal property at retail within the state computed as a percentage of the gross receipts of the retailer (Rev. & Tax. Code, § 6051), and a companion tax upon the storage, use, or consumption within California of tangible personal property purchased from a retailer (Rev. & Tax. Code, § 6201) in a transaction not subject to sales tax. (Rev. & Tax. Code, § 6401.)[3] The retailer who must include gross receipts from sales within the measure of sales tax assessed against him is required to collect sales tax reimbursement from his customer. (Rev. & Tax. Code, §§ 6052, 6052.5.) A retailer doing business in California,

---

[2]By reason of the indirect impact upon his business, appellant has standing to raise the issue. (*Gowens* v. *City of Bakersfield,* 179 Cal.App.2d 282 [3 Cal.Rptr. 746].)

[3]For example, a purchase outside the state.

making sales subject to use tax, must collect the tax from the customer.[4] (Rev. & Tax. Code, § 6203.) The amount so collected is a debt due from the retailer to the state (Rev. & Tax. Code, § 6204), as is an amount in lieu of what should have been collected if the retailer fails in his statutory duty. (*Bank of America* v. *State Bd. of Equal.*, 209 Cal.App.2d 780, 799 [26 Cal.Rptr. 348].) A purchase or sale for resale is excluded from the definition of "retail sale" and hence from the measure of sales or use tax. (Rev. & Tax. Code, § 6007.)

While a lease of tangible personal property has, since August 1, 1965, been included within the definition of a sale (Rev. & Tax. Code §§ 6006, subd. (g)(5), and 6010, subd. (e)(5)), the order of taxation is the inverse of that present in ordinary sales. Rentals payable under a lease of tangible personal property are exempted from the measure of sales tax (Rev. & Tax. Code, § 6390), but are included within the measure of use tax. (Rev. & Tax. Code, § 6401.) Rental receipts from a lease of tangible personal property, which would otherwise be so includable, are excluded if the property is leased in substantially the same form as acquired by the lessor and if the lessor has himself paid sales tax reimbursement or use tax measured by the purchase price to him of the property. (Rev. & Tax. Code, §§ 6006, subd. (g)(5), and 6010, subd. (e)(5).)

The net effect of the exemption created by Revenue and Taxation Code sections 6006, subdivision (g)(5), and 6010, subdivision (e)(5), is to permit the immediate incidence of the sales and use tax upon a purchaser of tangible property who thereafter leases it in the same form in which it was acquired, and to impose the immediate incidence upon the lessee if the form of the property is changed or if the lessor does not accept the permissible incidence. In both instances, a tax is paid. In the case of a lease of property, upon which sales or use tax has already been paid by the lessor, the tax is economically a direct item of cost which must be passed on to the lessee if the lessor is to profit from the transaction. Whether the lessee pays a use tax directly when he leases personal property changed in form by his lessor, or pays an added rental to reimburse the lessor for tax previously paid him, the ultimate burden falls upon the lessee-customer. Where the property is leased in the same form in which it was acquired by the lessor in a taxable transaction, its cost to the lessor is a simple and accurate measure of the tax to be imposed. Where, however, the lessor changes the form of the property, he, of necessity, adds to its value the cost of labor involved in the change. Since that labor cost would not otherwise be includable

---

[4]For a limitation on the statutory requirement, see *Montgomery Ward & Co.* v. *State Bd. of Equalization*, 272 Cal.App.2d 728 [78 Cal.Rptr. 373].

within the measure of sales and use tax, the Legislature could properly conclude that the rental to the lessee, and not the cost of tangible items to the lessor, is the amount most likely to result in a measure of tax equitable with that paid by others under the statutory scheme.

There being a rational basis for the conclusion reached by the Legislature apparent from the economic burden of the tax and the desirability of an equitable measure, the Legislature's classification must be sustained.

*Gowens* v. *City of Bakersfield,* 179 Cal.App.2d 282 [3 Cal.Rptr. 746], upon which appellant relies, is distinguishable. In *Gowans,* a city excise tax measured by rental paid by transient guests but exempting those in a lodging place having less than five accommodations was held to impose an unreasonable classification.[5] *Gowens* differs from the case at bench because there the statute created an exemption from the burden of the tax deemed unrelated to the basis of the exemption.[6] Here no exemption from tax is involved. Rather, we consider a legislative classification fixing the point in the economic chain at which the incidence of the tax is to fall. (Cf. *Associated Home Builders etc., Inc.* v. *City of Newark,* 18 Cal.App.3d 107, 110 [95 Cal.Rptr. 648].) We thus deal not with the presence or absence of a rational basis for exemption but with a basis for the legislative determination of the optimum point to impose the initial tax burden. A rational basis for that determination is here present.

The judgment is affirmed.

Wood, P. J., and Clark, J., concurred.

---

[5]See also *City of Los Angeles* v. *Lankershim,* 160 Cal. 800 [118 P. 215]; California is apparently unique in denying validity to a legislative classification in taxation based upon a minimum size of the party whose income is the measure of a tax passed on to another. (Note 93 A.L.R.2d 1136, 1144-1147.)

[6]See *John Tennant Memorial Homes, Inc.* v. *City of Pacific Grove,* 27 Cal.App.3d 372 [103 Cal.Rptr. 215]; *Estate of Legatos,* 1 Cal.App.3d 657 [81 Cal.Rptr. 910].