[Civ. No. 50268. Second Dist., Div. Four. Nov. 14, 1977.]

APARTMENT ASSOCIATION OF LOS ANGELES COUNTY, INC., et al., Plaintiffs and Respondents, v.
CITY OF LOS ANGELES et al., Defendants and Appellants.

COUNSEL

Burt Pines, City Attorney, Thomas C. Bonaventura and John F. Haggerty, Assistant City Attorneys, for Defendants and Appellants.

Kaplanis & Grimm, Trevor A. Grimm, Horvitz, Greines & Horowitz and Ellis J. Horvitz for Plaintiffs and Respondents.

OPINION

KINGSLEY, J.—The city, and the department of water and power appeal from a judgment holding unconstitutional a city ordinance imposing a sewer service charge. We reverse the judgment.

The ordinance involved imposes a sewer service charge on governmental, industrial and commercial users. The charge, measured by the amount of water used, is billed and collected for the city by the department. The ordinance defined commercial users as including apartment houses, condominiums, stock cooperatives and community apartment projects consisting of five or more dwelling units served by a single water meter. The charge was not imposed on such structures having four or less units, nor on structures of any size having individual water meters for each unit.

The attack here is solely on the ground that the distinction between the five or more unit structure with one meter and a smaller structure or a large structure with individual meters is a denial of equal protection.

## I

Preliminarily, the appellants contend that the plaintiffs, not being shown to be the owners of the kind of residential structure subject to the charge, are not proper parties to sue; and that the trial court's findings do not support the judgment. Since we conclude that the record does not support the ultimate finding of unequal protection and because of the public interest in the merits of the litigation, we do not determine the validity of either of those contentions.

## II

It is well settled, and respondents do not dispute, that the ordinance, whether considered as enacted under the police power or under the taxing power, is valid if the classification made therein is based on some reasonable basis. We conclude that the record here shows such a reasonable basis. The respondents do not contend that a classification that distinguishes between purely residential users and industrial and commercial users is invalid. As we understand them, they challenge only the limited type of residential structures that are classified in the ordinance as being commercial.

It is true that sewage discharge from an apartment house or similar structure of less than five units will be proportionally as large as from a larger structure. It is also true that a five- or more unit structure with individual meters will discharge the same volume of sewage as one of that size with a single meter. However, an ordinance may make a valid classification based on traditional distinctions and on pragmatic considerations. The classification of residential structures on the basis of five or more units exists in various legislative provisions.[1] The city maintains no billing system adaptable for the assessment and collection of the charge herein involved; its department of water and power has such a

---

[1] For example: Los Angeles County Ordinance No. 5860, section 572, imposes a business license fee on apartment houses of five or more units; the Federal Fair Housing Law (42 U.S.C.A. § 3603(c)(3)), applies only to dwelling structures of five or more units; the California Fair Housing Law, Health and Safety Code, section 35720, subdivision 5, also distinguishes between dwelling structures on the same basis.

system. Resort to the department as a collection agency was a rational decision. However, the department's existing billing system for water charges, to which the sewer charge is added, distinguishes, and long has distinguished, in its operation, between the five- or more unit structure on a single meter and the other types of residential users. Absent an ordinance that imposed a sewage charge on all residential users there existed no practical alternative to the classification herein involved. The ordinance is based on reasonable grounds and is valid.

The judgment is reversed.

Files, P. J., concurred.

**JEFFERSON (Bernard), J.**—I dissent.

The majority reverses a judgment of the trial court which declared unconstitutional a city ordinance imposing a sewer service charge. The attack on the ordinance is predicated on the contention that it violates plaintiffs' constitutional right to equal protection of the laws. Under the ordinance, no sewer service charge is imposed on structures containing four units or less irrespective of whether such structures are serviced by a single water meter or a water meter for each unit. For structures containing five or more units, the sewer service charge is imposed only as to those structures having a single water meter. If a structure contains five or more units with an individual water meter for each unit, no sewer service charge is imposed as to that structure.

The trial judge found that the ordinance constitutes a violation of equal protection of the laws in levying a sewer service charge—declared to be a tax—on structures with five or more units based on whether there was a single water meter or a water meter for each unit, and in exempting from the charge structures containing four units or less. I agree with the trial judge that the distinctions made by the ordinance are arbitrary and not based upon any reasonable classification. Hence, the ordinance is invalid.

The majority sustains the validity of the ordinance on the theory that the ordinance makes a valid classification based on traditional distinctions and pragmatic considerations. The *traditional-distinctions* justification is simply stated to be that in various legislative provisions, a classification has been made between multi-unit structures with the

dividing line being structures with four units or less and those with more than four units. The *pragmatic* consideration is premised upon the theory that the city has no billing system adaptable for the assessment and collection of the sewer charge, but that the department of water and power has a computerized billing system which permits the collection of a sewer charge on multi-unit buildings which have a single water meter servicing such building.

I recognize that the issue of the constitutional validity of an ordinance, insofar as equal protection of the laws is concerned, is to be approached through the well-established principle that "the constitutionality of an ordinance is favored and courts are reluctant to declare an ordinance unconstitutional. Ordinances are *presumed* to be constitutional if *any rational consideration* supports their enactment . . . ." (*English Manor Corp.* v. *Vallejo Sanitation & Flood Control Dist.* (1974) 42 Cal.App.3d 996, 1003 [117 Cal.Rptr. 315].) (Italics in original.) The *English Manor* case dealt with an ordinance which based a sewer connection fee for a hospital on the number of bed spaces. The *English Manor* court, in sustaining the validity of the ordinance, held that a charge per bed space bore a reasonable relationship to the burden on the sewer system.

It is generally recognized that a classification of users based upon their effects on the sewer system represents a reasonable classification. For a classification to be free from arbitrariness or invidious discrimination, however, it must be reasonably commensurate with the burdens placed on the sewer system by the users of the system. Using this test of reasonable relationship, sewer service charges—based upon a variety of factors—have been upheld as constitutional. Thus, sewer service charges based upon water consumption have been declared valid on the theory that the amount of water that flows into a building is apt to be roughly proportional to what flows out as sewage. (*In re City of Philadelphia* (1941) 343 Pa. 47 [21 A.2d 876].) Similarly, an ordinance basing sewer service rates on the number and type of plumbing fixtures has been held to be a valid classification. (*Town of Port Orchard* v. *Kitsap County* (1943) 19 Wn.2d 59 [141 P.2d 150].)

In *Boynton* v. *City of Lakeport Mun. Sewer Dist.* (1972) 28 Cal.App.3d 91 [104 Cal.Rptr. 409, 61 A.L.R.3d 1228], a sewer rate classification for commercial establishments was based generally upon the number of (1) available restrooms, (2) kitchens, and (3) people served. Although these factors do not correspond exactly with the amount of water used, the

*Boynton* court upheld the ordinance as "reasonably related to the burden imposed upon the sewer system. While other methods, including the use of water metered rates, could be used in fixing sewer rates, the method here used was not unreasonable or discriminatory." (*Boynton, supra,* 28 Cal.App.3d 91, 96.)

In *Associated Homebuilders* v. *City of Livermore* (1961) 56 Cal.2d 847, 852-853 [17 Cal.Rptr. 5, 366 P.2d 448], the court dealt with ordinances which prescribed sewer-connection charges "measured by the use to which the property (and consequentially the city's sewer system) will be put, including the number and type of plumbing fixtures to be installed. Accordingly, it . . . is in the nature of an excise tax imposed on all persons thereafter applying for building permits for the privilege of connection to (and is reasonably commensurate with the burden to be imposed on) the facilities of defendant's sewer system."

In the case at bench, the classification between property owners who must pay a sewer service charge and those *not* required to pay is not reasonably related to any factors seeking to measure the burden on the sewer system such as are set forth in *Boynton, English Manor Corp., Associated Homebuilders, In re City of Philadelphia,* or *Town of Port Orchard.*

The case at bench is not unlike that of *Gowens* v. *City of Bakersfield* (1960) 179 Cal.App.2d 282 [3 Cal.Rptr. 746]. In this case a city ordinance required hotels that offered lodgings for five or more persons for compensation to collect a tax on transients of 4 percent of the compensation paid by such transients. *Gowens* held the tax scheme to be arbitrary, discriminatory and a violation of the constitutional principle of equal protection of the laws. *Gowens* took the view that no reasonable classification was made in exempting from imposition of the tax establishments containing less than five lodgings. The court stated that it could "find no reasonable distinction for tax purposes from the viewpoint of a lodger between one seeking and using a large hostelry capable of accommodating many people and a small one accommodating a lesser number." (*Gowens, supra,* 179 Cal.App.2d 282, 286.)

The only justification which is urged to support the classification set up in the ordinance before us is that of so-called pragmatic considerations or administrative convenience. Occasionally there is found in the decisional law a statement such as "[a]dministrative convenience and

expense in the collection or measurement of a tax are alone a sufficient justification for treating some taxpayers differently than others." (*City of San Jose* v. *Donohue* (1975) 51 Cal.App.3d 40, 45 [123 Cal.Rptr. 804].) In making this statement, the *City of San Jose* court remarked that in using utilities to collect the tax, only a small percentage of the total number of utility users were *not* being taxed under the circumstances presented.

It is also to be noted that the *City of San Jose* case—for its view of administrative convenience—relied on *Carmichael* v. *Southern Coal Co.* (1937) 301 U.S. 495 [81 L.Ed. 1245, 57 S.Ct. 868, 109 A.L.R. 1327], which dealt with the Alabama Unemployment Compensation Act which taxed employers who had eight or more employees, but exempted employers with less than eight employees. The *Carmichael* court stated: "Administrative convenience and expense in the collection or measurement of the tax are alone a sufficient justification for the difference between the treatment of small incomes or small taxpayers and that meted out to others. [Citations.] We cannot say that the expense and inconvenience of collecting the tax from small employers would not be disproportionate to the revenue obtained. For it cannot be assumed that the legislature could not rightly have concluded that generally the number of employees bears a relationship to the size of the payroll and therefore to the amount of the tax, and that the large number of small employers and the paucity of their records of employment would entail greater inconvenience in the collection and verification of the tax than in the case of larger employers." (*Carmichael, supra,* 301 U.S. 495, 511 [81 L.Ed. 1245, 1254].)

I cannot support the view that administrative convenience is sufficient to support the classification made in the case at bench. The situation presented before us is clearly different from that presented in *City of San Jose* and in *Carmichael.* A classification based upon whether an owner of a multi-unit building utilizes a single water meter as contrasted with an owner who uses a separate water meter for each unit of the building and imposes a sewer service charge only on the owner who has a single water meter for all of the units is arbitrary, unreasonable and bears no reasonable relationship to the basis of the imposition of the sewer service charge, to wit, the burden imposed upon the sewer system. The burden imposed upon the sewer system is roughly the same whether a building contains separate meters for each unit or one meter for all of the units. The water received by the buildings will be approximately the same and so will the water discharged from the buildings into the sewage system.

Furthermore, the exemption from the sewer charge of structures containing four or less dwelling units is not predicated on any factors relating to the burden on the sewer system. Thus, the four units or less structure is exempted from the sewer charge irrespective of the volume of water delivered to the structure, the volume of water discharged from the structure in the form of sewage, the number of occupants per unit, or the number of sewer-connected facilities per unit—factors which have a bearing on the burden to the system.

I would sustain the judgment of the trial court holding the ordinance to be invalid.

A petition for a rehearing was denied December 1, 1977. Jefferson (Bernard), J., was of the opinion that the petition should be granted. Respondents' petition for a hearing by the Supreme Court was denied January 26, 1978. Bird, C. J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.