[No. C049104. Third Dist. Feb. 28, 2006.]

KARI ANDAL et al., Plaintiffs and Appellants, v.
CITY OF STOCKTON, Defendant and Respondent.

## COUNSEL

DLA Piper Rudnick Gray Cary, David Colker and David F. Gross for Plaintiffs and Appellants.

Meyers, Nave, Riback, Silver & Wilson, Joseph M. Quinn, K. Scott Dickey; Richard E. Nosky, Jr., City Attorney, and John Leubberke, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**DAVIS, Acting P. J.**—In this declaratory relief action, plaintiffs allege that a local government fee imposed by the defendant City of Stockton (the City) is unconstitutional because it was not submitted for voter approval.[1] The City successfully demurred to the action, contending that plaintiffs had failed to exhaust their administrative remedies. The City also claims that certain plaintiffs (the cell phone service companies) lack standing to bring the action. Plaintiffs appeal. We reverse.

---

[1] The plaintiffs include Kari Andal, Jim Diserio, Larry Solari, AT&T Wireless Services of California, LLC, Sacramento Valley Limited Partnership, doing business as Verizon Wireless and Cingular Wireless LLC.

BACKGROUND

In June 2004, the City enacted City Ordinance No. 011-04 (the Ordinance), without voter approval, which imposed a fee for the City's 911 communication system. Plaintiffs—three fee payers and three cell phone companies that must collect and remit the fee to the City—sued the City for declaratory relief, claiming that the Ordinance violates the voter-approval requirements of articles XIII C and XIII D of the state Constitution (Proposition 218, imposing voter-approval requirements for certain local taxes and fees).

Plaintiffs have paid or remitted the fee, but did not pursue any administrative relief before filing suit.

The pertinent administrative remedies provided in the Ordinance are as follows:

"**SEC. 8-260 Refunds.** [¶] . . . [¶]

"B. Whenever the amount of any fee payment . . . has been overpaid or paid more than once or has been erroneously or illegally collected or received by the City . . . , it may be refunded to the fee payer provided a claim in writing stating under penalty of perjury the specific grounds upon which the claim is founded . . . is filed by the fee payer with the Director of Administrative Services . . . . [¶] . . . [¶]

"D. . . . No suit for money, damages, or a refund may be brought against the City until a written claim therefore has been presented to the City and has been acted upon or has been deemed to be rejected by the City . . . .

"**SEC. 8-270 Administrative Agreements.**

"The Director of Administrative Services may make administrative agreements with service suppliers [i.e., phone service companies] to vary the strict requirements of [the Ordinance] so that collection of any fee imposed [thereunder] may be made in conformance with the billing procedures of a particular service supplier so long as the overall result of said agreements results in billing of the fee in conformance with the general purpose and scope of [the Ordinance]. . . .

"**SEC. 8-275 Appeals . . . .**

"A. Who May Appeal. Any person aggrieved by any decision of the Director of Administrative Services regarding the amount of fee or penalty

owed or the duty or obligation to collect, report or pay a fee . . . may appeal th[at] decision [and receive a hearing thereon] . . . .

"B. Hearing. . . . The Hearing Officer shall . . . make findings of fact based upon the evidence submitted and determine whether grounds exist for denial of the appeal or for adjustment of amounts owed. The person appealing shall be notified of the Hearing Officer's decision in writing. The Hearing Officer's decision shall be final. . . ."

The trial court sustained the City's demurrer without leave to amend, ruling: "Plaintiffs['] complaint is fatally flawed in that it includes no allegations that any plaintiff has exhausted [its] administrative remedies. The ordinance creating the fee complained of includes a mechanism for challenging the legality of the [911] access fee, and therefore, no party can seek a judicial order invalidating the fee ordinance until it has paid the fee, sought a refund, and exhausted [its] administrative appeal rights, or in the case of a Wireless Service Provider, challenged any burden imposed on it by way of an administrative request, and then exhausted [its] administrative appeal rights." In light of this ruling, the trial court did not consider the City's additional claim that the cell phone companies lacked standing.

DISCUSSION

■ A demurrer challenges only the legal sufficiency of the complaint. (*Amarel v. Connell* (1988) 202 Cal.App.3d 137, 140 [248 Cal.Rptr. 276].)

> 1. *Rule of "Pay First, Litigate Later"; Doctrine of Exhaustion of Administrative Remedy; Doctrine of Adequate Legal Remedy*

To establish their action, plaintiffs must first clear three related procedural hurdles. As we shall explain, plaintiffs have leapt high enough.

■ The first hurdle is a well-recognized rule governing tax litigation—the " 'pay first, litigate later' " rule. (*Flying Dutchman Park, Inc. v. City and County of San Francisco* (2001) 93 Cal.App.4th 1129, 1132, 1135 [113 Cal.Rptr.2d 690] (*Flying Dutchman*); see Cal. Const., art. XIII, § 32.) This rule requires a tax challenger to first pay the tax before litigating the tax's validity. (*Flying Dutchman, supra*, 93 Cal.App.4th at pp. 1132, 1135.) In short, pay up or shut up. This rule ensures that essential public services are not disrupted during the pendency of tax challenges. (*Id.* at p. 1135.)

Here, it is undisputed that plaintiffs are paying the challenged fee. (Compare *Flying Dutchman, supra*, 93 Cal.App.4th at pp. 1135–1137, and *Writers Guild of America, West, Inc. v. City of Los Angeles* (2000) 77 Cal.App.4th 475,

483 [91 Cal.Rptr.2d 603] (*Writers Guild*) [plaintiffs who had not paid the taxes at issue could not maintain suits for declaratory relief].) Plaintiffs do not seek, however, a refund of those paid fees. Instead, plaintiffs seek only to have the *future* collection of the fee declared invalid because the Ordinance was unconstitutionally enacted without voter approval. (Cal. Const., art. XIIIC, § 2, art. XIIID, § 6; Gov. Code, § 50075 et seq.)

The pay first, litigate later rule, then, usually encompasses the following two-step process: the tax is paid, and then the tax is challenged in a refund process. (See *Flying Dutchman, supra,* 93 Cal.App.4th at pp. 1132, 1135.) The City contends that plaintiffs must pursue the Ordinance's administrative refund process before filing their declaratory relief suit. We disagree. Since plaintiffs are paying the constitutionally challenged fee and, as we shall explain, since the administrative refund process is inadequate to address that constitutional challenge, plaintiffs may maintain their declaratory relief action. This conclusion flows from an analysis of the second and third procedural hurdles, hurdles that are related here—the exhaustion of an administrative remedy, and the adequacy of a legal remedy. We turn to those issues now.

■ Under the doctrine of exhaustion of administrative remedies, when an administrative tribunal has been created to adjudicate an issue, the matter must be presented there before any resort is made to the courts. (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 291–293 [109 P.2d 942]; see 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 308, p. 392.) Conversely, where no administrative remedy is provided for the particular issues raised, recourse to the administrative agency is not required before initiation of court action. (*Park 'N Fly of San Francisco, Inc. v. City of South San Francisco* (1987) 188 Cal.App.3d 1201, 1208–1209 [234 Cal.Rptr. 23] (*Park 'N Fly*).)

As for the adequacy of legal remedy, declaratory relief, which plaintiffs seek here, is in the nature of equitable relief, and equitable relief will not be granted if there is a plain, complete, speedy, and adequate remedy at law. (*Flying Dutchman, supra,* 93 Cal.App.4th at pp. 1137–1138.)

These two doctrines—exhaustion of administrative remedy and adequacy of legal remedy—are related and sometimes overlap because if an adequate administrative remedy is provided, then an adequate legal remedy may be deemed provided as well; also, an administrative remedial scheme may envision a court process following the administrative process. (See *Flying Dutchman, supra,* 93 Cal.App.4th at pp. 1138–1139; *Writers Guild, supra,* 77 Cal.App.4th at pp. 479, 483.)

The question in light of these two doctrines is whether plaintiffs are foreclosed from maintaining their declaratory relief lawsuit—that raises a

comprehensive constitutional challenge to the Ordinance's validity—because they failed to exhaust the Ordinance's administrative remedy or because they have an adequate legal remedy. The answer is no.

The Ordinance provides only the following administrative remedies. For the fee payer, any payment that has been overpaid or that has been erroneously or illegally collected or received by the City may be refunded. (Ord. § 8-260 B.) (The Ordinance adds in this regard that no suit for money, damages, or a refund may be brought against the City until a written claim therefor has been presented to the City and has been acted upon or deemed rejected.) (Ord. § 8-260 D.) For the service supplier (cell phone company), the fee collection procedure specified in the Ordinance may be modified to conform with the supplier's billing procedure. (Ord. § 8-270.) One level of administrative appeal is also provided for these determinations. (Ord. § 8-275.)

The Ordinance's administrative remedies, then, neither mention constitutional challenges nor refer to a legal remedy for a party not seeking a refund, money or damages. This scheme contrasts with the parking tax ordinance at issue in *Flying Dutchman, supra,* 93 Cal.App.4th at page 1132, and the business tax ordinance at issue in, *Writers Guild, supra,* 77 Cal.App.4th at page 477. In those two cases, the courts sustained demurrers to declaratory relief complaints—alleging constitutional objections to the taxes—because adequate remedies at law were available.

The ordinance in *Flying Dutchman,* like the Ordinance here, did contain an administrative remedy of refund for any tax " 'erroneously or illegally collected or received.' " (*Flying Dutchman, supra,* 93 Cal.App.4th at p. 1138.) But the ordinance in *Flying Dutchman* also explicitly included administrative refund claims " 'based on a violation of the United States or California Constitutions.' " (*Ibid.,* italics omitted.) And the ordinance scheme in *Flying Dutchman* provided the subsequent legal remedy of a refund lawsuit in court that encompassed a judicial determination of the validity of the tax. (*Id.* at pp. 1138–1139.)

Similarly, in *Writers Guild,* the tax ordinance scheme provided "an adequate legal remedy . . . in the form of a suit for a refund in superior court, in which constitutional objections to the [tax could] be raised with the right of appeal of any adverse decision." (*Writers Guild, supra,* 77 Cal.App.4th at p. 479; see also *Flying Dutchman, supra,* 93 Cal.App.4th at pp. 1136–1137.)

But what about a party (like plaintiffs here) who does not seek a refund but raises a comprehensive constitutional challenge to the Ordinance's validity? The City maintains that such a party must still pursue to completion an administrative claim before challenging the Ordinance in court.

Guidance in this area is provided by *Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809 [107 Cal.Rptr.2d 369, 23 P.3d 601] (*La Habra*). The issue there was the appropriate statute of limitations for a declaratory relief lawsuit alleging that a local utility tax was illegally imposed without a required vote. (*Id.* at p. 812.) Like plaintiffs here, the plaintiffs in *La Habra* did not seek refunds, although the administrative refund remedy there also covered claims for taxes " 'illegally collected or received.' " (*Id.* at p. 820 & fn. 3.) To reach the statute of limitations issue in that case, the *La Habra* court implicitly had to decide whether the declaratory relief action could be maintained at all, that is, whether it was foreclosed through a failure to exhaust an administrative remedy or the presence of an adequate legal remedy. (See *id.* at p. 820.) Along these lines, the *La Habra* court remarked: "[I]n the absence of an independent bar on equitable or writ relief, a person aggrieved by the required payment of a tax is not limited to seeking a refund, but may challenge the validity of the taxing agency's policy or continuing conduct by a claim for declaratory relief." (*Id.* at p. 822, fn. omitted.)

██ *Flying Dutchman* summarized this just-quoted remark from *La Habra* in the following terms: "[A] taxpayer is not limited to seeking refund after paying [the] disputed tax, but is allowed to seek equitable remedies and writ relief to prevent further illegal tax collection." (*Flying Dutchman, supra,* 93 Cal.App.4th at p. 1141.)

The City sees much ado about nothing regarding this quoted remark from *La Habra*. As the City sees it, if there *is* an *independent bar on equitable relief*—such as provided here by the adequate administrative remedy in the Ordinance—then equitable relief cannot be sought without first resorting to this remedy. As we have explained, though, this is not how we see it—here, the administrative remedy is inadequate to tackle plaintiffs' comprehensive constitutional challenge to the Ordinance's validity.

██ It is true that the doctrine of exhaustion of administrative remedies is often applied to tax proceedings. (3 Witkin, Cal. Procedure, *supra,* Actions, § 311, pp. 399–401.) These tax proceedings, however, generally involve refunds, methods, classifications, assessments and the like. (3 Witkin, *supra,* § 311, pp. 399–401, and cases cited therein.) It is also true that the administrative exhaustion doctrine generally applies to actions raising constitutional issues. (3 Witkin, *supra,* Actions, § 312, p. 401.) However, if a tax ordinance or law provides the taxpayer with no mechanism for a constitutional challenge to the entire structure under which the ordinance or law operates, then the exhaustion doctrine does not apply. (See *Park 'N Fly, supra,* 188 Cal.App.3d at pp. 1208–1209 [exhaustion doctrine inapplicable where tax ordinance provided no mechanism for challenging its essential validity or raising constitutional questions]; see also *Howard Jarvis Taxpayers Assn. v.*

*City of Roseville* (2002) 97 Cal.App.4th 637, 639 [119 Cal.Rptr.2d 91] [to the extent the complaint there sought a judicial declaration of the legal validity of the local government fee, it did not involve an issue subject to determination through the administrative refund remedy available to plaintiffs and therefore exhaustion doctrine inapplicable].)

■ We conclude that neither the rule of pay first, litigate later, nor the doctrine of exhaustion of administrative remedies, nor the doctrine of adequate legal remedy forecloses plaintiffs' declaratory relief lawsuit here.[2]

### 2. *Standing*

In its demurrer, the City also contended that the cell phone company plaintiffs lacked standing to maintain the declaratory relief action. The trial court did not reach this issue in light of its exhaustion ruling. We reach the issue and conclude the companies have standing.

■ "Ordinarily, the courts will not consider the constitutionality of a [law] at the request of a [party] whose rights are not affected by it. The party attacking it must therefore show some injury, actual or threatened." (See 7 Witkin, Summary of Cal. Law (10th ed. 2005) Constitutional Law, § 76, p. 168.)

*Gowens v. City of Bakersfield* (1960) 179 Cal.App.2d 282 [3 Cal.Rptr. 746] (*Gowens* ) provides the answer here. In *Gowens,* a hotel owner challenged, in a declaratory relief action, the constitutionality of a municipal hotel tax that he was required to collect from guests and remit to the city. The city in *Gowens* successfully demurred, claiming the hotel owner lacked standing because he was not the person taxed. (*Id.* at p. 283.)

The appellate court in *Gowens* reversed, finding the owner "vitally interested in the validity of the ordinance" in two respects. (*Gowens, supra,* 179 Cal.App.2d at p. 285.) One, the owner's business operations were "inextricably interwoven into the operation of the ordinance"—under threat of various penalties, the owner had to collect, record, report and pay the tax to the tax collector. And two, the owner was engaged in a competitive business that could be adversely affected by the tax on customers. (*Ibid.*; see also *Ladd v. State Bd. of Equalization* (1973) 31 Cal.App.3d 35, 38, fn. 1 [106 Cal.Rptr. 885].)

---

[2] We decline the City's request for judicial notice filed August 11, 2005, and plaintiffs' supplemental request for judicial notice filed September 15, 2005, both of which sought notice of various underlying documents and laws at issue in other decisions.

Under the Ordinance, the same can be said here for the cell phone companies as was said in *Gowens* for the hotel owner. (§§ 8-230 [collection and remittance of fee], 8-250 A [interest and penalties for phone companies], 8-255 [failure to collect and report fee].) Consequently, the cell phone companies are left standing.

DISPOSITION

The judgment is reversed. Plaintiffs are awarded their costs on appeal.

Nicholson, J., and Morrison, J., concurred.