Filed 6/10/15  Biro v. Keyes CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JAN C. BIRO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GEOFFREY R. KEYES,<br><br>    Defendant and Respondent. | B247927<br><br>(Los Angeles County<br>Super. Ct. No. BC490652) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert L. Hess, Judge.  Reversed and remanded.

Jan C. Biro, in pro. per.; Carter Sands & Ehrenreich and Richard D. Carter for Plaintiff and Appellant.  [*Retained.*]

Cole Pedroza, Curtis Cole, Kenneth R. Pedroza and Cassidy C. Davenport; Patterson Lockwood Hillyer and Kevin P. Hillyer for Defendant and Respondent.

## INTRODUCTION

After undergoing cosmetic surgery, plaintiff-appellant Jan Biro sued the operating doctor, defendant-respondent Geoffrey Keyes, in small claims court, alleging a claim for breach of contract. In that case, Biro alleged Keyes conducted only part of the surgery for which he contracted. The small claims court entered judgment in Keyes's favor. Biro, acting in pro. per., then filed a complaint in the superior court, alleging claims for, among other things, medical malpractice and breach of contract. In the superior court case (the subject of this appeal), Biro alleged he suffered unexpected medical complications as a result of the surgery. Keyes demurred to Biro's complaint, arguing the action was barred by res judicata after the small claims court entered judgment in his favor. The trial court sustained the demurrer without leave to amend, and Biro appealed. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Biro contracted with Keyes, a plastic surgeon, who agreed to perform a series of cosmetic procedures on Biro's face, ears, and neck. Keyes performed the surgery, but Biro was dissatisfied with the results. He sued Keyes in small claims court, claiming Keyes owed him $7,000 for portions of the agreed-upon operation that were never performed. The small claims court entered judgment in Keyes's favor.

While his small claims case was pending, Biro filed a complaint against Keyes with the Medical Board of California. In that complaint, he alleged Keyes failed to perform the entire agreed-upon operation, likely because of a "bleeding complication" that arose during the surgery. He also alleged Keyes allowed a third party to perform portions of the surgery without his informed consent. He further alleged Keyes failed to maintain adequate medical records pertaining to the surgery. The Medical Board apparently found in Keyes's favor as well.

In 2012, Biro filed a lawsuit against Keyes in the superior court. Biro's complaint suffers from many formal and procedural problems, including no explicit identification of causes of action, and little more than a conclusory label of "gross medical malpractice,"

2

plus five other opaque claims: "falsifying medical records," "providing false information to the small claims court and the Medical Board," "violating contract and causing economical damage," and "obstruction of justice." Biro alleged the cosmetic surgery contributed to his "medical conditions" because Keyes "changed the operation plan without consulting [Biro] and performed operations that diverged significantly from the agreed plan, as well as from the operations mentioned in the informed consent, and failed to achieve the objective of the cosmetic surgery." Biro further alleged, "[Keyes] declined to perform the necessary corrections and [Biro] had to ask for a second, corrective surgery, which was performed in the office of another cosmetic surgeon." According to Biro, "A professional review of the medical records indicate[d] a series a mistakes in the management of [Biro,] including absence of the initial record and physical examination, insufficient record of the operation, changes in the operation record, incorrect statements and untoward consequences." In his prayer for relief, Biro requested monetary damages for economic loss and pain and suffering, as well as disciplinary action against Keyes.

Keyes filed a demurrer to Biro's complaint, arguing all of the claims, with the exception of the claims for providing false information to the small claims court and obstructing justice, were barred by res judicata. Keyes argued that Biro's claims for medical malpractice, breach of contract, falsifying medical records, and providing false information to the Medical Board should be dismissed because they sought redress for the same injury and stemmed from the same conduct giving rise to his small claims action, and they were fully litigated to final judgment before the small claims court. Keyes also argued all of the claims, with the exception of the medical malpractice claim, were not sufficiently pled to state causes of action.[1]

---

[1] The court's ruling sustaining Keyes's demurrer without leave to amend as to those claims is not challenged on appeal.

Biro did not file a formal opposition to the demurrer, but he attempted to submit an informal response, and he presented oral argument at the hearing on the demurrer.[2] Biro argued the court should overrule the demurrer because his small claims action involved only a claim for breach of contract and did not encompass his claim for medical malpractice. Keyes argued the two claims constituted the same cause of action for res judicata purposes because they "arose from the alleged acts or omissions by [Keyes] during a single surgery [in 2011]." The court sustained the demurrer without leave to amend and entered judgment in Keyes's favor. Biro timely appealed.[3]

## DISCUSSION

### I. Standard of Review

---

[2]    In his reply filed with the trial court, Keyes acknowledged that he received Biro's informal response on October 10, 2012, approximately one month before the hearing on the demurrer.

[3]    Keyes contends Biro waived his challenge on appeal of the court's order sustaining Keyes's demurrer without leave to amend because he did not file a formal opposition. Keyes relies on *Bell v. American Title Ins. Co* (1991) 226 Cal.App.3d 1589 (*Bell*) and *Cummings v. Cummings* (1929) 97 Cal.App. 144 (*Cummings*), neither of which supports his argument. In *Bell*, the court of appeal held that the appellant waived its right to challenge the trial court's order precluding class members from opting out of the class settlement because it did not file a timely opposition to the respondent's motion seeking to preclude opt outs and it did not appear at the hearing to contest the opt-out issue. (*Supra*, 226 Cal.App.3d at p. 1602.) In *Cummings*, on the first day of trial, the defendant informed the court that he was not ready to proceed with certain defenses he intended to raise. (*Supra*, 97 Cal.App. at pp. 148-149.) The plaintiff moved to preclude defendant from raising those defenses at trial because he failed to comply with the court's prior order governing how those defenses could be presented at trial. (*Ibid*.) When asked at the hearing whether he wished to oppose the plaintiff's motion, the defendant declined. (*Ibid*.) The trial court granted the motion. (*Ibid*.) On appeal, the court of appeal held the defendant waived his challenge to that ruling because he failed to oppose it at trial. (*Ibid*.)

The instant case is distinguishable from *Bell* and *Cummings*. Although Biro did not properly file a formal opposition to Keyes's demurrer, he did appear at the hearing on the demurrer and he did argue in opposition to that motion. Accordingly, he preserved his challenge on appeal.

4

We apply a *de novo* standard of review to a trial court's order of dismissal following an order sustaining a demurrer. (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.) In other words, we exercise our "independent judgment about whether the complaint states a cause of action as a matter of law." (*Ibid.*) "In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we must assume the truth of all facts properly pleaded by the plaintiffs, as well as those that are judicially noticeable." (*Howard Jarvis Taxpayers Assn. v. City of LaHabra* (2001) 25 Cal.4th 809, 814.)

When a demurrer "is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).) Such a showing can be made for the first time before the reviewing court. (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank*, *supra*, 39 Cal.3d at p. 318.)

A demurrer may be sustained without leave to amend where, " 'the facts are not in dispute, and the nature of the plaintiff's claim is clear, but, under the substantive law, no liability exists.' [Citation.]" (*Seidler v. Municipal Court* (1993) 12 Cal.App.4th 1229, 1233.) "A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground." (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.)

## II. Biro's Medical Malpractice Claim Is Not Precluded Because of Dismissal of his Breach of Contract Action in Small Claims Court

### A. *Relevant law*

"Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. Collateral

estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.' [Citation.] Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause of action is merged into the judgment and may not be asserted in a subsequent lawsuit; a judgment for the defendant serves as a bar to further litigation of the same cause of action." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896-897.) Res judicata bars not only matters that were actually litigated but also those that could have been litigated in a prior suit, so long as they are part of the same cause of action finally resolved in that suit. (*Busick v. Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 975.) The claim preclusion aspect of res judicata applies to small claims judgments. (*Pitzen v. Superior Court* (2004) 120 Cal.App.4th 1374, 1381 (*Pitzen*).) Collateral estoppel applies to claims litigated and decided against plaintiffs in a small claims action; it does not apply to claims litigated and decided against a small claims defendant. (*Id*. at pp. 1385-1386.)

In California, what constitutes a "cause of action" for purposes of res judicata is determined by application of the primary right theory. "[A] 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty. [Citation.] The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. [Citation.] A pleading that states the violation of one primary right in two causes of action contravenes the rule against 'splitting' a cause of action. [Citation.]" (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681 (*Crowley*).)

Simply put, a primary right is the plaintiff's "right to be free from the particular injury suffered." (*Crowley*, *supra*, 8 Cal.4th at p. 681.) The injury suffered is distinguishable from both the legal theory upon which liability is premised and the relief sought as a remedy for that injury. (*Id*. at pp. 681-682.) Accordingly, "'[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one clam for relief.' [Citation.]" (*Ibid*.) Likewise, "[t]he violation of one primary right constitutes a single cause of action, though it may entitle the injured

6

party to many forms of relief . . . .' [Citation.]" (*Id*. at p. 682.)  But different primary rights, or injuries, may be suffered by the same wrongful conduct.  (*Le Parc Community Assn. v. Workers' Comp. Appeals Bd.* (2003) 110 Cal.App.4th 1161, 1170 (*Le Parc*); see also *Agarwal v. Johnson* (1979) 25 Cal.3d 932, 954-955 ["[T]he significant factor is the harm suffered; that the same facts are involved in both suits is not conclusive."].)

   *B.  Biro's medical malpractice claim is not barred by res judicata*

   Biro asserts he suffered two distinct injuries when Keyes performed the cosmetic surgery: first, he suffered a contractual injury as a result of Keyes's alleged failure to perform the entire surgery he bargained for; second, he suffered a bodily injury as a result of Keyes's allegedly negligent performance of the cosmetic surgery.  He contends the two injuries give rise to two separate causes of action (i.e., breach of contract versus medical malpractice).  He argues the small claims court's entry of judgment on his breach of contract claim does not preclude litigation of his malpractice claim in the superior court.

   Keyes contends the two claims involve the same primary right, precluding litigation of Biro's medical malpractice claim in the superior court action.  Keyes argues, "[p]laintiff has only one cause of action because only one of his primary rights was alleged to have been invaded – his right to be free from bodily injury and monetary loss resulting from the November 2011 cosmetic surgery."  Keyes incorrectly conflates the two injuries Biro allegedly suffered.

   Because breaching a contract causes a different legally cognizable harm than negligently inflicting bodily injury while performing under that contract, two primary rights arise out of Keyes's conduct.  On the one hand, Keyes's failure to perform the entire surgery Biro bargained for gives rise to a specific form of harm – i.e., a violation of the right to have contractual obligations performed.  (See *Fujifilm Corp. v. Yang* (2014) 223 Cal.App.4th 326, 332; see also *Brenelli Amedeo, S.P.A. v. Bakara Furniture, Inc.* (1994) 29 Cal.App.4th 1828, 1837-1838 [primary right violated by company's breach of contract is distinct from primary right violated by company's shareholders' tortious conduct preventing plaintiff from collecting on judgment in breach of contract action].)

7

On the other hand, Keyes's allegedly negligent performance of the surgery, which caused unexpected physical injuries, gives rise to a form of harm distinct from a breach of contract – i.e., a violation of the right to be free from negligent conduct during a medical operation. (See *Friedman Prof. Management Co., Inc. v. Norcal Mutual Ins. Co.* (2004) 120 Cal.App.4th 17, 29 [distinguishing between primary right to be free from negligent conduct during medical operation and primary right to be free from invasion of privacy and dignitary interests as a result of a battery, or nonconsensual touching, committed during the same operation].) Although Biro's claims arose out of the same conduct, they seek to vindicate two different primary rights: (1) the right to obtain what one bargains for in a contractual relationship (the small claims action); and (2) the right to be free from the negligent infliction of bodily harm (the superior court action). Accordingly, the small claims court's entry of judgment against Biro on his breach of contract claim does not bar litigation of his medical malpractice claim in the superior court. (See *Le Parc*, *supra*, 110 Cal.App.4th at p. 1171.)

### C. *Biro's medical malpractice claim is not barred by collateral estoppel*

Biro's medical malpractice claim is also not barred by collateral estoppel. Collateral estoppel bars a small-claims plaintiff from relitigating an issue that was decided in the defendant's favor where the record from the small claims court makes clear that the issue was actually litigated and decided in that court. (*Pitzen*, *supra*, 120 Cal.App.4th at pp. 1386-1387.)

Here, the record from the small claims case is spare. The complaint alleges that "[h]alf of a work order haven't [sic] been delivered," and it seeks a "[r]efund for undelivered part of a prepayed [sic] work order." The judgment simply states, "[Keyes] does *not owe* plaintiff any money on [Biro's] claim." (Italics in original.)

The record does not show that the small claims court considered or decided the issue of whether Keyes was negligent in performing Biro's cosmetic surgery. Biro's claim is phrased as one for breach of contract, not negligence or medical malpractice. Although Keyes states in his declaration filed in support of his demurrer that Biro argued the issue of negligence before the small claims court, there is nothing in the record to

8

indicate that the small claims court actually decided whether Keyes was negligent. As noted, the small claims court found that Keyes owed no money on Biro's claim, which was for breach of contract, not negligence or medical malpractice. Nowhere in the small claims record does the court state that it made a finding as to whether Keyes was negligent in performing Biro's cosmetic surgery.

Although we question the viability of Biro's claim for medical malpractice going forward because it is vaguely pled in Biro's complaint, Keyes did not challenge the medical malpractice claim on any grounds other than res judicata. In other words, aside from challenging Biro's claim for medical malpractice on res judicata grounds, Keyes did not raise before the trial court any concerns about the sufficiency of the allegations underlying that claim. Accordingly, with respect to Biro's medical malpractice claim, we have limited our review to the demurrer's res judicata arguments. (See *Tracfone Wireless, Inc. v. County of Los Angeles* (2008) 163 Cal.App.4th 1359, 1363 [a reviewing court may affirm the judgment of dismissal only on grounds raised in the demurrer], citing *Carman v. Alvord* (1982 31 Cal.3d 318, 324.)

## III.    Biro's Other Claims

As noted, Biro's complaint filed in the superior court raised additional claims, including falsifying medical records, providing false information to the small claims court and the Medical Board, breach of contract, and obstruction of justice. Biro does not address the trial court's order sustaining Keyes's demurrer without leave to amend as it relates to these claims; rather, he limits his discussion to the distinctions between his small claims breach of contract claim and his superior court medical malpractice claim. We presume the trial court properly sustained Keyes's demurrer without leave to amend as to the claims Biro does not address in his appeal. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."]; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["An appellate court is not required to examine undeveloped claims, nor to make arguments for parties."]; see also *Park Place Estates Homeowners Assn. v. Naber* (1994) 29

9

Cal.App.4th 427, 433 ["Because an appellant must affirmatively show error by an adequate record, ""'[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent.' [Citation.]"'"].)

**DISPOSITION**

The judgment is reversed and the cause remanded to the trial court with directions to set aside its order sustaining Keyes's demurrer without leave to amend as to Biro's claim for medical malpractice and enter a new order overruling Keyes's demurrer as to that claim. The parties are to bear their own costs on appeal.

**IWASAKI, J.**[*]

**We concur:**

**PERLUSS, P. J.**                    **ZELON, J.**

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.